IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., <br>     Plaintiffs, <br><br> v. <br><br> HEINEMAN DISTRIBUTING, INC., <br><br>     Defendant. | No. 10 C 1722 |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Heineman Distributing, Inc.'s (Heineman) motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

**BACKGROUND**

Plaintiff Central States, Southeast and Southwest Areas Pension Fund (Central States) and Plaintiff Howard McDougall (McDougall) (collectively referred to as the "Fund") allege that Central States is a multi-employer pension plan as defined under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1001, *et seq.*. McDougall is allegedly a trustee of Central States. The Fund alleges that

Heineman was subject to one or more collective bargaining agreements under which Heineman was required to make contributions to the Fund on behalf of certain of its employees. According to the Fund, on March 3, 2008, Heineman effected a complete withdrawal from the Fund and ceased to have an obligation to contribute to the Fund. The Fund claims that, in accordance with 29 U.S.C. § 1381(b), Heineman had a withdrawal liability of $1,028,853.90, and that the Fund notified Heineman of the liability on or about February 9, 2010. The Fund contends that Heineman has failed to pay the monies owed to the Fund. The Fund brought the instant action pursuant to provisions of ERISA. Heineman now moves to dismiss this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the

2

court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.,* 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (Rule 12(b)(6)), a court must "take all of the factual allegations in the complaint as true" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(emphasis in original)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**DISCUSSION**

Heineman argues that this action should be dismissed for lack of subject

matter jurisdiction. Henieman also argues that the Fund has failed to state a claim upon which relief can be granted.

I. Subject Matter Jurisdiction

Heineman contends that the court lacks subject matter jurisdiction over the Fund's claim because the MPPAA requires disputes over withdrawal liability to be resolved through arbitration before an action is brought in the district court. In support of its argument, Heineman cites to 29 U.S.C. § 1401, which provides that disputes over withdrawal liability "shall be resolved through arbitration," and that "[u]pon completion of the arbitration proceedings . . . any party thereto may bring an action  . . . in an appropriate United States district court . . . to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(a)(1), (b)(2). In addition, Heineman cites two cases from the Third Circuit, asserting that such cases support the proposition that arbitration is required before a pension plan can file an action for payment of withdrawal liability in the district court.

> Pursuant to 29 U.S.C. § 1401(d),
>
> payments for withdrawal liability shall be made by an employer . . . until the arbitrator issues a final decision with respect to the determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination.

*Id.* The Seventh Circuit has indicated that under 29 U.S.C. § 1401(d), a pension plan can obtain a withdrawal liability payment from an employer pending the outcome of

arbitration (Interim Payment), and that a pension plan can bring a federal action to obtain the Interim Payment if an employer refuses to pay it. *See Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. The Fund Transport, Inc.*, 935 F.2d 114, 116 (7th Cir. 1991)(stating that "[w]hile the arbitration proceeds, the employer must either pay the whole sum or make periodic payments in an amount determined by the trustees" and that "[i]f the employer does not pay the sums demanded, the trust may file a civil action in federal court to collect"). The Seventh Circuit has also indicated that during arbitration proceedings, the pension fund should be the stake holder pending the conclusion of alternate dispute resolution efforts. *Id.* at 118-19. Thus, both the language of the MPPAA and controlling precedent dictate that the court has subject matter jurisdiction over the instant action.

II. Failure to State a Claim Argument

Heineman also argues that the Fund has not stated a claim upon which relief can be granted. The Fund alleges that Heineman effected a complete withdrawal from the Fund, that the Fund demanded a withdrawal payment from Heineman, and that Heineman has not made the payment requested. The Fund has brought this action seeking the payment it demanded as an Interim Payment. Thus, the Fund has stated a claim upon which relief can be granted. Based upon the above analysis, we deny Heineman's motion to dismiss. We note that Heineman's arguments regarding the proper Interim Payment amount do not relate to the issues raised in Heineman's

motion to dismiss and instead relate to the merits of the Fund's claim. Such arguments are more appropriately made at the summary judgment stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, we deny Heineman's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 26, 2010